## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ARTHUR LEWIS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-18-0856-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　　Agency. | DATE: May 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

M. Jefferson Euchler, Esquire, Virginia Beach, Virginia, for the appellant.

Christopher J. Robbins and Sandra Compton Simmons, Esquire, Norfolk, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-11 Financial Management Analyst for the agency. Initial Appeal File (IAF), Tab 8 at 14. On August 13, 2018, the agency proposed his removal based on a charge of conduct unbecoming, supported by six specifications. IAF, Tab 9 at 55-60. The agency alleged that, between June 2017 and early 2018, the appellant engaged in repeated inappropriate behavior of a sexual nature, the majority of which was directed toward a single female colleague and consisted of unwanted touching, remarks, and solicitations. *Id.* at 56-57. The agency also specified that, on May 24, 2018, another female colleague witnessed the appellant expose himself in his cubicle to take pictures of his penis. *Id.* at 57. It appears that this latter incident precipitated the investigation that uncovered the remainder of the alleged misconduct and led the agency to propose the appellant's removal. *Id.* at 140, 143. The appellant responded to the proposal both orally and in writing, addressing each of the six specifications. *Id.* at 2-45. After receiving the appellant's responses, the deciding official issued a decision removing him effective September 17, 2018. IAF, Tab 8 at 14-17. The deciding official found that the charge was supported by the evidence and that removal was the appropriate penalty. *Id.* at 16.

The appellant filed a Board appeal, contesting the merits of the removal and raising a due process defense based on lack of specificity in the proposal notice. IAF, Tab 1, Tab 13, Tab 24 at 2-3. After a hearing, the administrative judge issued an initial decision affirming the removal. IAF, Tab 33, Initial Decision (ID). He sustained five of the six specifications, ID at 3-9, found that the agency satisfied its burden on the issues of nexus and penalty, ID at 10-11, and found that the appellant failed to prove his affirmative defense, ID at 12-13. The administrative judge acknowledged that most of the specifications did not contain precise dates and times when the incidents were supposed to have occurred, but he found that the proposal notice nevertheless contained sufficient detail to allow the appellant to make an informed reply. *Id.*

The appellant has filed a petition for review directed solely toward his due process claim. Petition for Review (PFR) File, Tab 1 at 5-7. He has attached a transcript of the deposition taken from the coworker whom he allegedly harassed and who was the main source of information for the majority of the specifications. *Id.* at 10-71. The deposition, which significantly predates the close of the record below, is intended to illustrate the lack of specificity surrounding her accusations. *Id.* at 4-5. The agency has filed a substantive response in opposition. PFR File, Tab 3.

## ANALYSIS

Fundamental due process requires that notice of charges against an employee be sufficiently detailed to provide a meaningful opportunity to be heard. *Mason v. Department of the Navy*, 70 M.S.P.R. 584, 586 (1996). In other words, when an agency proposes to discipline an employee, it must notify him of the conduct with which he is charged in sufficient detail to permit him to make an informed reply. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1148 (Fed. Cir. 1997).

In this case, the appellant argues that the notice of proposed removal was not sufficiently specific regarding the times when and places where his misconduct was alleged to have occurred. The specifications read in relevant part as follows: Under Specification 1, the agency alleged that "on multiple (approximately four) occasions during the period on or around June 2017 through January 2018, you kissed [your coworker] on her cheek during work hours in work spaces, such as by the water fountain, exiting the women's restroom or in the hallway." IAF, Tab 9 at 56. Under Specification 2, the agency alleged that "on one Friday between June 2017 and January 2018, when [your coworker] was leaving the Payroll office, you smacked [her] buttocks with your hand." *Id.* Under Specification 3, the agency alleged that "between June 2017 and January 2018, on multiple occasions, primarily while [your coworker] was passing the hallway and once when she was sitting in [your supervisor's] office, you held a paper towel dispenser roll to your genital area implying the size of your penis," and on one of these occasions stated, "In case you were wondering."[2] *Id.* Under Specification 4, the agency alleged, "in or around Fall 2017 when [your coworker] was in the payroll office, you walked by her and told her, 'One night with me and you won't want to be with your husband.'" *Id.* Under Specification 5, the agency alleged, "on 24 May 2018 while you were sitting down on your chair facing towards the walkway, you exposed your penis in full view and were taking pictures of your penis with your cellphone in your cubicle." *Id.* at 57. Under Specification 6, the agency alleged, "in early winter of 2017, you went to [your coworker's] office while she was working alone, you walked behind [your coworker] who was sitting in her chair, and you placed both of your arms around her. Your face was touching her cheek and you whispered in her ear, 'I noticed your leave was low and I am known for padding people's leave for "special favors."'" She rebuffed you. "You kissed her cheek on your way out and told her, 'Let me know if you change your mind.'" *Id.* at 58. Accompanying

---

[2] The administrative judge did not sustain Specification 3. ID at 6.

the notice of proposed removal were the interview statements from which the allegations were drawn.  *Id.* at 55, 148-49, 156-58.

Having reviewed each specification in detail, we disagree with the appellant that the notice of proposed removal lacked specificity regarding the places where his alleged misconduct occurred.  Each specification is clear that it pertains to misconduct that occurred in the workplace and refers to particular areas of the office, such as "by the water fountain," "in the hallway," and in the coworker's office.  *Id.* at 56-57.

However, we agree with the appellant that the notice was, for the most part, not specific with regard to times and dates.  Most of the specifications refer to a range of dates or general time periods such as "between June 2017 and January 2018," "early winter of 2017," and "one Friday between June 2017 and January 2018."  *Id.*  We have therefore carefully reviewed the precedent that the appellant cites in support of his due process argument.  Most notably, in *Mason*, 70 M.S.P.R. at 588, the Board reversed the appellant's suspension on due process grounds because the proposal letter did not specify the dates during which the misconduct was alleged to have occurred.  In particular, the agency alleged that the appellant made racist remarks in front of contractors on three occasions but apparently failed to allege even approximate dates or locations for these events.  The appellant requested this information during discovery but the agency represented that it was not in possession of it.  *Id.* at 587.  For the first time at the Board hearing, the appellant learned from the contract employees' testimony that the incidents were alleged to have occurred 3 or 4 years prior.  *Id.* at 588.  The Board concluded as follows:

> The lack of specificity in the agency's notice thus clearly caused the appellant surprise at the hearing and affected him detrimentally because he could not obtain any information regarding the time and location of the charged misconduct until the agency's witnesses offered details on those matters at the hearing.  As the appellant rightly complains, . . . receipt of more specific information about the time and location of the alleged incidents would perhaps have

> allowed him to determine whether he was working on the dates in question and whether there were any other individuals who might have heard the remarks attributed to him. Without that specific information, the appellant had no alternative but to present a very general defense through his witnesses, a defense which the administrative judge rejected as insufficient to rebut the testimony of the agency's witnesses.

*Id.* This case presents a similar situation to the extent that the appellant here would have been unable to rebut the agency's allegations by, for example, showing that he was on leave on a particular day. Nevertheless, we decline to interpret *Mason* so broadly as to impose a due process requirement that agencies in all cases affix a specific date to alleged misconduct. This is particularly so in cases like this one, where the agency itself lacked sufficient information to narrow down the occurrences to specific dates. A blanket rule imposing such a requirement could effectively prevent agencies from disciplining employees when it is unclear exactly when their misconduct occurred, and we do not think that this would be a desirable outcome.

In any event, we find that *Mason* is factually distinguishable from the instant appeal in three ways. First, the agency in this case did at least provide an approximate range of dates (up to about 6 months) for each specification, whereas the agency in *Mason* did not even notify the appellant of the year when he was alleged to have committed his misconduct. *Id.*; IAF, Tab 9 at 56-57. Second, the agency in this case offered the appellant all of the information in its possession concerning dates for the specifications, whereas the agency in *Mason* withheld such information even though it could have supplied it. *Mason*, 70 M.S.P.R. at 587; IAF, Tab 9 at 56-57. Third, the agency in *Mason* surprised the appellant at the hearing by eliciting testimony about the precise dates of the alleged misconduct, whereas there was no such surprise in the instant appeal. *Mason*, 70 M.S.P.R. at 587-88 ("In analyzing a claim of denial of due process, the Board will examine, among other things, whether lack of specificity in the notice

affected the appellant detrimentally or caused him any surprise during the hearing."); Hearing Recording at 1:34:00 (the appellant's closing argument).

Looking at this issue more broadly, we do not think that any lack of specificity in the notice of proposed removal deprived the appellant of a meaningful opportunity to respond, which he did in detail to each of the six specifications, thus indicating that he understood what he was being charged with. ID at 12-13; IAF, Tab 9 at 6-8, 43-44; *see Lockett v. U.S. Marine Corps*, 37 M.S.P.R. 427, 430 (1988). The Board has found that a mistake in the proposal notice regarding the date of the misconduct did not constitute a due process violation where the charged misconduct was otherwise clearly identified. *Hayes v. Department of the Navy*, 15 M.S.P.R. 378, 379-80 (1983).

In sum, although a more specific proposal notice may have offered the appellant additional bases to challenge the proposal, due process did not require any greater specificity under the facts of this case. The proposal notice disclosed all of the known facts with respect to time and place, and it was otherwise sufficient to put the appellant on notice of the reasons for his removal. We find that the administrative judge made no error in analyzing the appellant's due process defense. The appellant has not challenged the administrative judge's findings on the agency's case in chief, and we find no reason to disturb them.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.